UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRADLEY HODGE,                              )
                                            )
          Petitioner,                       )
                                            )
     vs.                                    )          Case No. 4:11CV00316 ERW
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
          Respondent.                       )

## MEMORANDUM AND ORDER

This matter comes before the Court on *pro se* Movant Bradley Hodge's Motion under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF

No. 1]. The United States has filed a Response [ECF No. 6] and the Movant has filed a Traverse

[ECF No. 12].

## I.      FACTUAL AND PROCEDURAL BACKGROUND[1]

On October 9, 2008, the United States charged Movant with three criminal counts: (1)

conspiracy to possess pseudoephedrine, a List 1 chemical, knowing and having reason to believe

it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2); (2)

possession of pseudoephedrine, a List 1 chemical, knowing and having reason to believe it would

be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2); and (3)

conspiracy to manufacture and distribute more than fifty grams of methamphetamine, a Schedule

II controlled substance, in violation of 21 U.S.C. 841(a)(1). Movant was appointed counsel upon

his indictment and he was represented by counsel at all times thereafter. After a three-day jury

---

[1] The criminal proceedings that underlie Movant's present § 2255 Motion can be found at
*United States v. Hodge*, 4:08-cr-00420-ERW-1.

trial, Movant was found guilty on each count. Movant was sentenced to three terms of 240 months' imprisonment, with each term to run concurrently.

Movant appealed to the United States Court of Appeals for the Eighth Circuit. *See United States v. Hodge*, 594 F.3d 614 (8th Cir. 2010). Movant argued that the District Court erred in denying his motion for judgment of acquittal and in determining his sentence. *Id.* at 616. Movant raised additional issues in a *pro se* supplemental brief and motion. *Id.* at 620 n.2. The Eighth Circuit rejected these arguments and affirmed in full Movant's conviction and sentence, specifically writing that "[t]here was overwhelming evidence at trial of a conspiracy to manufacture methamphetamine." *Id.* at 618.

On February 17, 2011, Movant filed *pro se* the pending Motion Under 28 U.S.C. § 2255. As grounds for relief, Movant alleges that his trial counsel was ineffective, that his appellate counsel was ineffective, that the United States committed prosecutorial misconduct, and that he was denied a fair trial.

## II.    LEGAL STANDARD: RELIEF UNDER 28 U.S.C. § 2255

By filing a motion under 28 U.S.C. § 2255, a federal prisoner may seek to "vacate, set aside or correct" a sentence imposed against him, on the ground that "the sentence was imposed in violation of the Constitution or the laws of the United States[.]" 28 U.S.C. § 2255(a). Relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Section 2255 does not provide a means for movants to relitigate the merits of the evidence presented at their trial. *See Houser v. United States*, 508 F.2d 509, 513-14 (8th Cir. 1974)

("Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. 2255 does not give them the right to try over again the cases in which they have been adjudged guilty.").

Procedural default may limit the relief available to a § 2255 movant. First, a movant cannot raise a claim that was previously raised and decided on direct appeal. *United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005). Second, a movant cannot raise a non-constitutional or non-jurisdictional claim that could have been raised on direct appeal but was not. *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Third, a movant cannot raise a constitutional or jurisdictional claim that was not raised on direct appeal unless he "can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001). However, a movant may raise a claim of ineffective assistance of counsel for the first time in a § 2255 motion, regardless of whether the claim could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

If a movant's claim is not procedurally barred, the Court must hold an evidentiary hearing to consider it, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, a movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). In contrast, a court may dismiss a movant's claim without an evidentiary hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).

## III.    DISCUSSION

Movant seeks relief under four theories: that his trial counsel was ineffective, that his appellate counsel was ineffective, that the United States committed prosecutorial misconduct,

and that he was denied a fair trial. Because Movant is filing *pro se*, the Court has given his filings a liberal interpretation. *Smith v. Hundley*, 190 F.3d 852, 855 n.7 (8th Cir. 1999) (courts must give *pro se* filings a liberal construction).

**A.    Ineffective Assistance at Trial**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test a § 2255 movant must satisfy in order to prevail on a claim of ineffective assistance:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

A § 2255 movant seeking to prevail on a claim of ineffective assistance of counsel faces "a heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Under *Strickland*'s first prong, a court reviewing counsel's performance must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland*, 466 U.S. at 689. Under *Strickland*'s second prong, a movant can demonstrate prejudice only by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. A court may address these prong in any order; failure to satisfy either is dispositive. *Id*. at 697. *See also Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.") (citation omitted).

4

In his § 2255 Motion, Movant makes ten allegations of ineffective assistance at trial. The Court will consider each of these allegations, in turn.

**1. Failure to Refute Trial Testimony, to Investigate Case, and to Call Witness**

Movant's first allegation contains a series of three related claims regarding numerous persons whom he asserts were mentioned at trial, but were not called as witnesses. Movant asserts that the United States called Christina Dittmaier, Kimberly Mercer, and Scott Skaggs as witnesses, and then elicited from these witnesses the names of numerous other persons who participated in a methamphetamine conspiracy with Movant. Movant complains that because these other persons were not themselves called to testify, the jury was misled into believing the witnesses' testimony about them was true. Movant alleges his counsel was ineffective with respect to these non-testifying persons, because his counsel did not challenge the witnesses' testimony about them, did not investigate his case by interviewing them, and did not call them as witnesses.

Movant's first claim is that his counsel was in effective for failing to challenge the witnesses' testimony about numerous non-testifying persons. Movant asserts that the United States' witnesses mentioned the following names at trial: Charles Rossi, David Dudash, Audra Stuckenschneider, Craig Manning, Jacob Pullen, Christopher Murphey, Jamie Brinkley, Christopher Ecton, Daniel Sheputis, and Heather Woolridge. The Court has reviewed, in full, the transcript of Movant's three-day trial, and these names do not appear in it at any point. Accordingly, the record affirmatively refutes Movant's claim with respect to these persons.

Movant also makes this same claim with respect to the following persons: Jeremy Decker, Kenneth Gilliam, Jason Boussum, Madesta Bach, Paula Wilson, Toyna Kernbeck, and Derek Hodge. A review of the trial transcript does show that the United States and its witnesses

mentioned these persons. However, the trial transcript also shows that Movant's counsel attacked the credibility of the United States' witnesses on cross-examination, by highlighting the motives that may have influenced the witnesses' testimony and instances in which the witnesses previously had been untruthful. Counsel's manner of cross-examination is a matter of trial strategy that this Court must review with high deference. *See Strickland*, 466 U.S. at 689; *see also United States v. Villalpando*, 259 F.3d 934, 939 (8th Cir. 2001) ("We generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel."). Accordingly, Movant's trial counsel cross-examination of these witnesses was not ineffective and Movant's is not entitled to relief on this claim.

Movant's second claim is that his counsel was ineffective because he did not investigate his defense by interviewing the non-testifying persons listed above. Movant states that if his counsel had done so, he would have obtained information with which he could have refuted the United States' case and attacked its witnesses' credibility. The United States responds by stating that each of these persons was charged with pseudoephedrine and methamphetamine crimes and was represented by counsel,[2] thus limiting the ability of Movant's counsel to contact them.

On this allegation, the case of *United States v. Vazquez-Garcia* is instructive. *See Vazquez-Garcia*, 211 F. App'x 544 (8th Cir. 2007). In *Vazquez-Garcia*, a § 2255 movant sought relief from his imprisonment for drug crimes, on the grounds that his trial counsel was ineffective for failing to interview a potential defense witness. *Id.* at 544-45. The movant asserted that the witness "would have testified that movant was not involved in the [drug] conspiracy that led to

---

[2] *See United States v. Decker et al.*, 4:08-cr-00376-CAS (criminal proceedings against Decker, Gilliam, Rossi, Skaggs, Bossum, Dudash, Stuckenschneider, Ecton, Mercer, Bach, Manning, Wilson, Pullen, Murphey, Brinkley, and Kernebeck); *United States v. Hodge*, 4:07-cr-00722-CDP (criminal proceedings against Derek Hodge); *United States v. Sheputis et al.*, 4:08-cr-00543-CEJ (criminal proceedings against Sheputis and Wooldridge).

6

his conviction." *Id*. at 545. The Eighth Circuit wrote that even if it assumed that the trial counsel's failure to interview the witness was unreasonable, the movant could prevail only if he could also make "a substantial showing that, but for counsel's failure to interview the witness in question, there is a reasonable probability that the result of his trial would be different." *Id*. at 546 (citation and alterations omitted). The Eighth Circuit ruled that movant could not make that substantial showing, because he did not present any affidavits or other independent evidence as to what the witness would have said if he was interviewed. *Id*. Instead, "the only information about what [the witness's] potential testimony would have been is speculation on the part of [the movant]." *Id*. The Eighth Circuit state that "we decline to find prejudice in this situation when there is no evidence other than speculation to support the finding. *Id*. (citation omitted).

*Vasquez-Garcia* is directly applicable to Movant's allegation, in which he alleges that his counsel would have found uncovered defense evidence if he had interview numerous persons. Movant has not presented the Court with any independent evidence of what these persons would have said had they been interviewed; instead, his § 2255 Motion contains only speculation. Following *Vazquez-Garcia*, the Court cannot find that Movant has shown prejudice.

Finally, Movant's third claim is that his counsel was ineffective for failing to call these same non-testifying persons as witnesses. On the record presented, the Court cannot determine whether counsel conducted a "thorough investigation" with respect to these persons, and thus the Court cannot determine whether counsel's decision not to call these persons as witnesses was a "reasoned decision" and "strategic choice." *See Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (citations omitted).

Movant's claim fails, however, because he has not provided any independent evidence of how these non-testifying persons would have testified if his counsel had called them as

witnesses. *See Armstrong v. Kemna*, 534 F.3d 857, 867 (8th Cir. 2008) ("Ordinarily, a defendant's failure to present some evidence from the uncalled witness regarding that witness's potential testimony ... would be fatal to an ineffective assistance of counsel claim."). In addition, to determine whether the failure to call witnesses resulted in prejudice, a court must consider: "(1) the credibility of all witnesses, including the likely impeachment of the uncalled defense witnesses; (2) the interplay of the uncalled witnesses with the actual defense witnesses called; and (3) the strength of the evidence actually presented by the prosecution." *Id.* at 596 (citation omitted). Here, the United States presented "overwhelming evidence" of Movant's participation in a conspiracy to manufacture methamphetamine, *see Hodge*, 594 F.3d at 618, and the persons Movant has identified as potential witnesses were also charged by the United States with related drug crimes. *See United States v. Staples*, 410 F.3d 848, 489 (8th Cir. 2005) ("Impeachment specifics aside, there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences against the party who called him or her."). Accordingly, Movant cannot show that there is a reasonable probability he would not have been found guilty but for his counsel's conduct, and his claim fails.

### 2. Failure to Strike Juror No. 35

Movant alleges that his counsel was ineffective for failing to strike Venireperson No. 35 ("No. 35") during voir dire, because No. 35 made statements that she could not be "fair and impartial" and "exhibited, by words and phrases, her inability to be objective, reasonable, unbiased, and impartial." No. 35 was ultimately empaneled on the jury as Juror No. 11.[3] Movant's allegation arises from No. 35's answers regarding questions about Jeremy Decker, a

---

[3] *See Hodge*, 4:08-cr-00420-ERW-1, Jury Selection, Trial Transcript Vol. I at 110.

potential witness for the United States.[4]  In response to questioning from the Court, No. 35

indicated that she might have known Jeremy Decker from her previous employment as a juvenile

officer in Jefferson County, Missouri.  A review of the voir dire transcript shows that the

following exchange occurred:

> **U.S.:** If he testified in this case, would you automatically believe or disbelieve him, based on your previous encounters with him?
> **No. 35:** I know his history a little bit of, you know, trouble with Juvenile. I think I would probably – just being honest with you, I know that there's a history, just due to my background, you know, if it is, in fact, the same individual. I mean it's just an honest answer.
> **Court:** Okay.
> **No. 35:** I mean I can still try to listen to the fact, but I, you know, knowing a little bit of history.
> **Court:** Okay. Okay. All right.

The United States asked later whether there were any venirepersons who would "automatically

disbelieve" the testimony of a person who had pled guilty to related drug crimes and was

testifying against Movant in the hopes of receiving a reduced sentence.  The following exchange

occurred:

> **No. 35:** I just feel as though it [i.e., the testimony of such a person] could be tainted.
> **U.S.:** Okay.
> **No. 35:** I've never done this before, so I would feel as though it could possibly, but it would be very hard to believe what they're saying.
> **U.S.:** Because you haven't heard their testimony yet and you haven't heard any of the other evidence in the case. Could you keep an open mind?
> **No. 35:** I could try to keep an open mind, but I would have those feelings.[5]

As shown above, No. 35 did not express a generalized inability to be a fair and impartial

juror.  Instead, she raised two narrow concerns: that her knowledge of Decker's "history" and

---

[4] The United States ultimately did not call Jeremy Decker as a witness at Movant's trial.

[5] For the text of these two exchanges, *see Hodge*, 4:08-cr-00420-ERW-1, Trial Transcript Vol. I. at 19-20, 71-72 [ECF No. 130].

"trouble with juvenile" might influence her assessment of his testimony, and that she felt the testimony of a person who was testifying against Movant in the hope of receiving a more lenient sentence would be tainted. Therefore, both of No. 35's concerns express a potential bias only against testimony presented by the United States; her concerns do not raise any suggestion that she would be prejudiced in favor of Movant's guilt or that she would disregard evidence favorable to Movant. It was not unreasonable for Movant's counsel to refrain from striking No. 35, given that she had twice expressed a potential inability to fairly assess testimony presented by the United States. In addition, "[a] decision regarding what jurors should be challenged with peremptory strikes is a question of trial strategy, and the court will not second-guess counsel's decisions." *Quinn v. United States*, No. 1:16CV00062, 2007 WL 3171450, *7 (E.D. Mo. Oct. 26, 2007) (unpublished) (citation omitted). For these reasons, Movant's claim is without merit and Movant is not entitled to relief on this ground.

### 3. Failure to Object to Unrelated Multiple Conspiracy Evidence

Movant alleges that his counsel was ineffective in failing to aggressively and properly object to evidence of multiple conspiracies to manufacture methamphetamine because this evidence was not related to the crimes charged against him. Movant contends that because the witnesses "testified to activities that purportedly took place at various locations, on various dates and times, and that involved other and unrelated individuals," there is a "very real danger that [he] was convicted on the basis of evidence that spilled over from the multiple conspiracies presented" by the United States. Movant argues that his claim of unrelated multiple conspiracy

evidence is supported by the indictment of numerous other persons for related drug crimes,[6] and by the United States' remarks during opening and closing statements.[7]

The United States charged Movant with two conspiracy crimes: conspiracy to possess pseudoephedrine, and conspiracy to manufacture and distribute more than fifty grams of methamphetamine. At trial, United States presented witness testimony that established that Movant was a methamphetamine cook, and that Movant provided the methamphetamine he manufactured to persons who supplied him with pseudoephedrine pills and cook locations. Accordingly, testimony about persons who supplied him with pills and cook locations was introduced to prove Movant's knowledge of and participation in the alleged conspiracy. Additional witness testimony established further that these same persons also supplied pills and cook locations to other methamphetamine cooks.

Movant is correct that the United States and its witnesses did make some reference to methamphetamine cooks other than Movant who operated distinct conspiracies, but these references do not compel the conclusion that the United States introduced unrelated multiple conspiracy evidence as a basis for convicting Movant. The trial transcript shows that the

---

[6] *See supra*, note 2.

[7] *See Hodge*, 4:08-cr-00420-ERW-1, Opening Statement, Trial Transcript Vol. I at 128 ("And you'll learn from Detective Smith that a couple of names popped up and popped up on a regular basis. And you'll hear these names throughout the testimony who aren't actually involved in this particular conspiracy but that is how the investigation led to the people that I've talked to you about.") [ECF No. 130]; *Id.*, Closing Statement, Trial Transcript Vol. III at 390 ("You heard a lot of other names, a lot of other testimony. Scott Skaggs also started cooking. That would be a different conspiracy. All the people who were bringing the pills to him, that's something else. Kenneth Gilliam was a cook. That would be a different conspiracy. That would involve Kenneth Gilliam. Kim Mercer brought him pills. Christina Dittmaier brought him pills. That's a different issue. In looking at this evidence, what you need to focus on is this conspiracy. Bradley Hodge was the cook in this conspiracy, and these are the other individuals who were involved in this conspiracy.") [ECF No. 132].

references to other cooks were tangential to the evidence presented against Movant and served no purpose other than providing background information and context. *See United States v. Byers*, 603 F.3d 503, 506 (8th Cir. 2010) ("We have recognized that a jury is entitled to know the circumstances and background of a criminal charge, and have permitted the introduction of evidence providing the context in which the crime occurred[.]") (quotation and citation omitted). The United States presented overwhelming evidence that Movant conspired to manufacture methamphetamine, and there is no reasonable probability that Movant would not have been convicted had counsel objected to these references. Accordingly, Movant's claim is without merit and Movant is not entitled to relief on this ground.

### 4. Failure to Object to Leading Questions

Movant alleges that his counsel was ineffective for failing to object to a series of questions posed by the United States on direct examination of Detective Joseph Smith.[8] During this questioning, the United States directed Detective Smith's attention to his investigation of the pseudoephedrine purchases that lead to Movant's criminal charges. Specifically, the United States inquired about Detective Smith's investigation into persons who made large-volume purchases of pseudoephedrine pills, as reflected in various pharmacies' logbooks. Movant alleges his counsel was ineffective because he did not object that this questioning was leading and lacked foundation.

A review of the record shows that counsel did in fact object to one question that Movant challenges.[9] More generally, whether or not to object to questioning is a matter of attorney trial

---

[8] *See Hodge*, 4:08-cr-00420-ERW-1, Transcript Vol. II. at 149, 151, 153, 154 [ECF No. 131].

[9] *See Hodge*, 4:08-cr-00420-ERW-1, Transcript Vol. II. at 151-52 [ECF No. 131].

strategy that the courts must review with high deference. *See Villalpando*, 259 F.3d at 939; *Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) ("However, failure to object to leading questions and the like is generally a matter of trial strategy as to which we will not second guess counsel."); *United States v. Pedigo*, 12 F.3d 618, 623 (7th Cir. 1993) ("Failing to object to leading questions may be a matter of trial tactics and strategy."). In addition, a review of the trial transcript shows that this questioning lead to evidence which was clearly admissible. Therefore, the Court finds that counsel's failure to object to this questioning was a matter of trial strategy and was not deficient, and Movant's claim will be denied.

**5. Failure to Move the Court for Expert Services to Test Movant's Cook Equipment**

Movant alleges that his counsel was ineffective for failing to seek a court-appointed expert witness to conduct DNA testing of articles found at a methamphetamine laboratory. Movant argues that he had no knowledge of or involvement with these articles and that DNA testing would have destroyed the United States' ability to link them to him.[10]

Under 18 U.S.C. § 3006A(e), to obtain a court-appointed expert a defendant must show that the expert is "necessary for adequate representation" and that there is a "reasonable probability that the requested expert would aid in his defense and that the denial of funding would result in an unfair trial." *See United States v. Mentzos*, 462 F.3d 830, 839 (8th Cir. 2006) (citations omitted). Movant presents no facts to suggest that he would have meet this standard and been appointed an expert if his counsel had only filed a request, because the relevant articles were only a minor aspect of the evidence presented. Moreover, "[t]he failure on the part of

---

[10] The Court notes that Movant has not presented any evidence of what the findings or testimony of a court-appointed expert would have been. *See Rodela-Aguilar*, 596 F.3d at 462 ("A claim of ineffective assistance based on the failure to consult and call an expert requires 'evidence of what a scientific expert would have stated' at trial in order to establish *Strickland* prejudice.") (*quoting Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)).

petitioner's counsel to request the appointment of an expert to assist in the defense [does] not constitute ineffective assistance of counsel." *Orricer v. Erickson*, 329 F.Supp. 360, 363 (D. S.D. 1971). Accordingly, Movant has failed to establish that his counsel was deficient and that he suffered prejudice, and his claims fails.

### 6. Failure to File a Motion in Limine to Bar Unrelated Multiple Conspiracy Evidence

Movant alleges his counsel was ineffective for failing to file a motion in limine to prevent the United States from presenting unrelated multiple conspiracy evidence. As discussed above, the record shows that the United States introduced no such evidence. Instead, the record shows only that some references to other methamphetamine cooks were made to provide background and context to the evidence presented. Because the United States presented overwhelming evidence that Movant himself conspired to manufacture methamphetamine, counsel's failure to file this motion did not cause him prejudice. Movant's claim is without merit and he is not entitled to relief on this ground.

### 7. Failure to Require the Court to Resolve Motions Prior to Trial

Movant alleges that his counsel was ineffective for failing to require the Court to rule on several motions prior to trial. Movant's allegation is apparently based on the Court's decision to hold in abeyance several motions filed by Movant's counsel in the days leading up to trial.[11]

The record shows that Movant's counsel presented argument at pretrial conference, but that the Court simply decided to hold these matters in abeyance rather than rule on them prior to trial. Counsel is not ineffective simply because his arguments ultimately are unsuccessful.

---

[11] *See Hodge*, 4:08-cr-00420-ERW-1, Pretrial Conference Rulings [ECF No. 89] (holding in abeyance Defendant's Motion for Production of Witness Statements [ECF No. 78], Defendant's Motion for Pretrial Determination of the Admissibility of Co-Conspirator Statements [ECF No. 80], and Defendant's Motion in Limine Regarding Testimony of Sergeant Jason Grellner and Request for Daubert Hearing [ECF No. 81]).

*James v. Iowa*, 100 F.3d 586, 590 (8th Cir. 1996). In addition, there is no basis to find that counsel's action caused Movant prejudice, given that he retained the ability to raise these same issues at trial. Accordingly, Movant's claim is without merit.

### 8. Failure to Object to Superseding Indictment

Movant alleges that his counsel was ineffective for failing to object to the superseding indictment filed against him. Movant argues that because the record does not show that a "polling sheet" was filed, his counsel should have objected and investigated to ensure the superseding indictment was legitimate. A review of the indictment shows that the superseding indictment was signed by the grand jury foreperson as a true bill.[12] Movant has alleged no facts suggesting that it was defective, that his counsel should have known to object to the indictment, or that his counsel's failure to object denied him a fair trial. Accordingly, Movant's claim provides no basis for relief.

### 9. Failure to Require the Court to Adhere to the Speedy Trial Act and to Advise Movant Regarding the Act

Movant alleges his counsel was ineffective for failing to require the Court to adhere to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and for recommending that he waive his rights under that Act. Movant alleges that the resulting delay allowed the United States time to build its case against Movant and to file the superseding indictment.

The record shows that in a letter to Movant's counsel dated September 5, 2008, the United States offered Movant a plea bargain and advised that if Movant did not accept by September 16, then it would file the superseding indictment. *See* United States Response, Attachment 2 [ECF No. 6-2]. As a result, Movant was aware of the possibility of being charged

---

[12] *See Hodge*, 4:08-cr-00420-ERW-1, Superseding Indicment at 4 [ECF No. 44].

under a superseding indictment when he initially filed a Waiver of the Speedy Trial Act on

October 6, 2008,[13] and then one day later withdrew that Waiver due to his desire to proceed to

trial promptly.[14]  Accordingly, the record shows only that Movant's counsel carried out Movant's

desire to proceed to trial, thus leading the United States to fulfill its promise by filing a

superseding indictment on October 9, 2008.[15]  Movant has not shown that his counsel was

ineffective or that he suffered prejudice with regard to the Speedy Trial Act, and therefore his

claim is without merit and does not entitle him to relief.

### 10. Failure to Break Down Purchases as to Each Conspiracy, and Various Other Claims

For his final allegation of ineffective assistance at trial, Movant alleges his counsel was

ineffective for failing break down the quantity of pseudoephedrine purchases as to each of the

multiple conspiracies presented, thereby allowing Movant to be convicted of a greater quantity

than indicated by his indictment.  As discussed above in section III.A.3, the United States did not

present evidence of multiple conspiracies, and thus counsel was not ineffective.

Movant also makes a number of additional unrelated claims together with this allegation,

including that his counsel was ineffective based on his "cumulative errors", for failing to

investigate the United States Sentencing Guidelines, for failing to interview United States'

witnesses, for failing to file a bill or particulars, for failing to move to dismiss the indictment on

jurisdictional grounds, and for failing to move to suppress the pharmacy logbooks as violative of

the right against self-incrimination. Movant does not substantiate these claims with any factual or

---

[13] *See Hodge*, 4:08-cr-00420-ERW-1, Waiver of Speedy Trial Act [ECF No. 38].

[14] *See Hodge*, 4:08-cr-00420-ERW-1, Defendant's Motion to Withdraw Motion to Continue October 14, 2008 Trial and Demand for Speedy Trial [ECF No. 39].

[15] *See Hodge*, 4:08-cr-00420-ERW-1, Superseding Indicment [ECF No. 44].

legal support and conclusory allegations are insufficient to establish ineffective assistance. *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001). In addition, ineffective assistance cannot be established by a theory of "cumulative error". *See, e.g.*, *United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008). Accordingly, Movant's claims are without merit and do not entitle him to relief.

## B.    Ineffective Assistance on Appeal

Movant's next theory of relief is that he received ineffective assistance of counsel on appeal. Movant alleges that his appellate counsel was ineffective because he failed to raise the issue of whether Venireperson No. 35 ("No. 35") was improperly impaneled as a juror. To prevail on this claim, Movant must show that his appellate counsel's failure to raise this issue was deficient, and that this deficiency resulted in prejudice. *United States v. Brown*, 528 F.3d 1030, 1032-33 (8th Cir. 2008). Therefore, Movant must show that had his appellate counsel raised a challenge to No. 35's presence on the jury, then the outcome of the appeal would have been different -- that is, that his conviction would not have been affirmed. *Id.* at 1033.

Movant cannot meet this standard. As discussed above in section III.A.2, No. 35's voir dire testimony does not establish that she was either biased against Movant or generally unable to serve as an impartial juror. Therefore Movant's counsel was not defective for failing to raise this issue on appeal. *See Meyer v. Sargent*, 854 F.2d 1110, 1115-16 (8th Cir. 19880) (appellate counsel is not ineffective for failing to raise a meritless appeal). Movant's claim is without merit and he is entitled to no relief on this ground.

## C.    Prosecutorial Misconduct

Next, Movant attacks his sentence under a theory of prosecutorial misconduct, specifically alleging that it was misconduct for the United States to introduce unrelated multiple

conspiracy evidence. As an initial matter, the Court notes that it appears that Movant already has raised this claim on direct appeal[16] and thus is procedurally barred from raising in again in the pending § 2255 Motion. *See Davis*, 406 F.3d at 511. However, out of an abundance of caution, the Court will proceed to analyze Movant's claim on the merits.

To prevail on a claim of prosecutorial misconduct, a party must satisfy both prongs of a two-part test. *Graves v. Ault*, 614 F.3d 501, 507 (8th Cir. 2010). First, the party must show that the prosecutor's conduct was improper. *Id.* Secondly, the party must show that improper conduct caused the party prejudice by depriving him of a fair trial. *Id.* A party has been deprived of a fair trial only where the improper conduct could reasonably have affected the jury's verdict. *Id.* When determining whether a party has been denied a fair trial, a court considers the cumulative effect of the misconduct, the strength of the properly admitted evidence of the party's guilt, and any curative actions taken by the district court. *Id.* at 507-08.

Upon analysis, Movant's claim is without merit. As established above, the United States did not present unrelated multiple conspiracy evidence. Instead, the limited testimony regarding methamphetamine cooks other than Movant served no purpose other than providing background information and context to the evidence presented Movant's conspiracies. *See Byers*, 603 F.3d at 506 (defendant convicted on firearm charges claimed prosecutorial misconduct on grounds that the United States introduced evidence of hollow-tipped ammunition and firearm's extended magazine; the Eighth Circuit denied the claim, because the prosecution is permitted to show jury

---

[16] *See* Section 2255 Motion, at 31 (stating that Movant raised this claim of prosecutorial misconduct "In A Pro Se Brief without Assistance of Counsel") [ECF No. 1]; *Hodges*, 594 F.3d at 620 n.2 (Eighth Circuit affirming Movant's conviction and writing: "We have considered the arguments raised in Hodge's pro se supplemental brief and recently filed motion and find them to be without merit.").

the background, circumstances and context of the crime charged).  Thus, it was not improper for the United States to establish context for the evidence presented against Movant.

In addition, Movant has not suffered any prejudice.  The cumulative effect of the conduct Movant challenges is null, given that overwhelming evidence was presented against Movant and only fleeting references were made to other methamphetamine cooks.  Moreover, in its closing argument the United States directed the jury to focus its attention on Movant's conduct, and not the actions of any other person.[17]  Movant has not shown that the United States' conduct has deprived him of a fair trial, and he is entitled to no relief on this ground.

### D.    Denial of Fair Trial

For his final theory of relief, Movant attacks his sentence by alleging that Venireperson No. 35 ("No. 35") was biased and that her presence on the jury deprived him of his right to a fair trial.  To make this claim, Movant asserts that No. 35 stated she could not be impartial either way, and that she may have a tendency to believe one of the United States' potential witnesses over any other witness due to her previous professional interactions with him.  Movant is referring to No. 35's voir dire testimony regarding Jeremy Decker, as discussed above in section III.A.2.  As an initial matter, it appears as though Movant did not raise this issue on direct appeal, and thus that he is procedurally barred from raising it here § 2255 Motion because he provides nothing to establish cause for the default and actual prejudice.  *See United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001).  However, out of an abundance of caution, the Court will also analyze this claim on the merits.

---

[17] *See supra*, note 8.

As previously established, Movant's characterization of No. 35's voir dire testimony is refuted by the record.  In addition, Jeremy Decker was never called as a witness at Movant's trial.  Movant's claim on this ground is without merit.

## IV.  RIGHT TO AN EVIDENTIARY HEARING

Under 28 U.S.C. § 2255(b), the Court must hold an evidentiary hearing to consider the claims presented in a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) ("No hearing is necessary, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.") (internal quotations and citation omitted).  The Court finds that the Movant's claims can be conclusively determined based upon the parties' filings and case record, and that the record affirmatively refutes Movant's claims.  Accordingly, Movant is not entitled to an evidentiary hearings on claims he has presented.

## V.  CERTIFICATE OF APPEALABILITY

To be entitled to a certificate of appealability, Movant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The United States Supreme has interpreted this language to mean that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  This Court finds that Movant has failed to meet this standard.  Therefore, the Court will not issue a certificate of appealability as to any claims raised in Movant's Motion.

## VI.    CONCLUSION

As set forth herein, Movant's claims are without merit and his is not entitled to relief under 28 U.S.C. § 2255. Accordingly,

**IT IS HEREBY ORDERED** that Movant Bradley Hodge's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED.**

**IT IS FURTHER ORDERED** that Movant's Motion for Leave to File a § 2255 Motion that Exceeds 25 Pages [ECF No. 2] is **GRANTED**, and that his Motion for an Evidentiary Hearing and the Appointment of Counsel [ECF No. 3] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court shall not issue a Certificate of Appealability as to any claim raised in Movant's Motion.

Dated this <u>15th</u> day of <u>November</u>, <u>2011</u>.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE