UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRADLEY HODGE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:11CV00316 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Bradley Hodge's Motion pursuant to Federal Rule of Criminal Procedure 36 to rectify or correct a mistake in judgment [ECF Nos. 17, 18].

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Bradley Hodge was convicted of three criminal counts related to a conspiracy to manufacture methamphetamine. The district court sentenced him to three terms of 240 months imprisonment, to run concurrently. Movant Hodge appealed to the United States Court of Appeals for the Eighth Circuit, which affirmed in full Movant's conviction and sentence. On November 15, 2011, this Court denied Movant's *pro se* motion under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct sentence by a person in federal custody [ECF Nos. 1, 13]. On November 20, 2012, Movant filed the instant Motion under Fed. R. Cr. P. 36.[1] The government filed its Response to Movant's Motion to Correct a Mistake or Error in Judgment [ECF No. 20] on December 14, 2012.

---

[1] Movant also filed a Petition for Writ of Audita Querela against Respondent. *See* 4:12CV2191ERW, ECF No. 1.

## II. DISCUSSION

Rule 36 states that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Movant states that "[w]hen the written judgment is inaccurate and does not reflect the oral sentence, a correction under [Rule] 36 is appropriate." However, Movant does not proceed to identify a specific discrepancy between the oral sentence and the written judgment, but instead points to the alleged failure to comply with 21 U.S.C. § 851. Movant states that the mandatory procedures under 21 U.S.C. § 851 were not addressed at the sentencing hearing on March 5, 2009 [ECF No. 17]. He then references his Petition for Writ of Audita Querela, 4:12CV2191ERW, in which he alleges that the Court failed to comply with § 851(b) during his sentencing. Section 851 concerns proceedings to establish a prior conviction, and § 851(b), in particular, requires the district court, when the United States attorney files an information under section 851, to inquire of defendant whether he affirmed or denied previous convictions alleged in the information, and to inform him that failure to challenge the convictions would preclude him from raising such challenges.[2] Additionally, Movant argues that the Court erred, as "[t]he defendant's Judgment in this case reflects a "mandatory minimum sentence" that was never invoked and/or carried out at the defendant's sentencing hearing . . ." *Id.*[3]

---

[2]"If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b).

[3]It is not entirely clear what relief is sought by Movant under Rule 36. Movant's Motion indicates that he wishes to "correct a mistake in the judgment rendered in this case." He references the failures to comply with § 851 and to invoke the "mandatory minimum sentence" at the sentencing hearing, but Movant does not identify specific relief or request a particular

The government states that it filed an information prior to trial, pursuant to Title 21, United States Code, Section 851, alleging two of Movant's prior drug convictions. In response to Movant's argument that procedures under § 851 were not followed, the government observes that Movant did not challenge the two prior convictions, file a written objection to the information filed by the government as required by § 851(c)(1),[4] or deny in the instant Motion that he was previously convicted as alleged [ECF No. 20, ¶¶ 8-10].[5] The government further argues that there was no clerical error in the record under Rule 36. *Id.* at ¶ 7.

Even if the Court failed to adhere to § 851(b) and inquire of Movant at the sentencing hearing whether he affirmed or denied previous convictions, the Court does not have the authority under Rule 36 to correct the judgment on this basis. The type of error referenced here by the Movant does not represent the type of error contemplated by Rule 36. *See United States v. Tramp,* 30 F.3d 1035, 1037 (8th Cir. 1994) (Rule 36 "does not authorize a district court to *modify* a sentence at any time."); *United States v. Yakle,* 463 F.3d 810, 811 (8th Cir. 2006) (per curiam) (noting that Rule 36 was meant to allow for the correction of scrivener's mistakes); *United States v. Burd,* 86 F.3d 285, 288 (2d Cir. 1996) (internal quotations omitted); ("A clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature."); *Abney v. U.S.*, No. 4:07CV01240ERW, 2008 WL 1913974, at * 3 (E.D. Mo. Apr. 25, 2008) (internal citation and quotations omitted)

---

correction.

[4]"If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney." 21 U.S.C. § 851(c)(1).

[5]The government also notes that the Movant cannot show he was prejudiced. The government contends Movant received a sentence which was significantly lower that the sentencing guideline range [ECF No. 20, ¶ 11].

("Some courts have ruled that Rule 36 is considered generally inapplicable to *judicial* errors and omissions"). In *U.S. v. Bass*, the defendant motioned the court to correct a clerical error under Rule 36, alleging that there was no citation to 21 U.S.C. § 851 in the presentence report, which would have provided proper notice to defendant of the government's intent to enhance defendant's sentence. No. 4:98CR124-DJS, 2008 WL 3306134, at * 1 (E.D. Mo. Aug. 7, 2008). Therefore, when enhancing his sentence, defendant maintains the court incorrectly used the maximum penalty found in 21 U.S.C. § 851 as defendant's statutory maximum term of imprisonment. *Id.* The court found that the type of error alleged by defendant was not a clerical error under Rule 36, but rather went to the merits of the Court's decision. *Id.* Here, similarly, an alleged failure to comply with § 851, or to carry out a mandatory minimum sentence at the Movant's sentencing hearing, is not confined to a mere recitation error, or a scrivener's mistake. Thus, the Court, in the absence of Movant alleging a clerical error, or a specific discrepancy between the written order and sentencing transcript, must deny Movant's Motion.

**IT IS HEREBY ORDERED** that Defendant's motion to correct a clerical error in the record and judgment [ECF Nos. 17, 18] is **denied**.

Dated this   20th   day of February, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE