UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRADLEY HODGE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:11CV00316 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Bradley Hodge's Motion for Reconsideration of Movant's Fed. R. Crim. P. 36 Motion [ECF No. 23].

### I. BACKGROUND

Bradley Hodge was convicted of three criminal counts related to a conspiracy to manufacture methamphetamine. The district court sentenced him to three terms of 240 months imprisonment, to run concurrently. Movant Hodge appealed to the United States Court of Appeals for the Eighth Circuit, which affirmed in full Movant's conviction and sentence. On November 15, 2011, this Court denied Movant's *pro se* motion under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct sentence by a person in federal custody [ECF Nos. 1, 13]. On November 20, 2012, Movant filed a Motion to amend judgement under Fed. R. Cr. P. 36. [ECF Nos. 17, 18], which this Court denied on February 20, 2013 [ECF No. 22]. Now, Movant seeks reconsideration of the Court's Memorandum and Order denying relief under Fed. R. Crim. P. 36.

### II. DISCUSSION

A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure. Typically, courts construe a motion to reconsider as a motion to alter or amend

judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from a final judgment, order, or proceeding under Fed. R. Civ. P. 60(b). This Court's February 20, 2013 Memorandum and Order cannot be classified as a "judgment," therefore Hodge's Motion for Reconsideration does not fall within the parameters of Rule 59(e). However, his Motion for Reconsideration may be considered pursuant to Rule 60(b), which allows relief from an order due to:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Elder–Keep v. Aksamit,* 460 F.3d 979, 984 (8th Cir. 2006) ("[W]e have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.' ").

After careful consideration of Movant's Motion, the Court finds that none of the above bases for relief under Rule 60(b) were met. Although it is unclear under which 60(b) provision Movant's challenge to the Court's order would fall, Movant argues the Court's denial of his Motion under Rule 36 is improper under *United States v. Powell*. In *Powell*, the defendant was

2

improperly sentenced as a career offender under the sentencing guidelines because one of his two qualifying predicate offenses was based on a *clerical* error in a state court docket entry of a prior conviction, which became part of the federal court's record. 266 Fed. Appx. 263, 264-66 (4th Cir. 2008). Notably, Powell's sentence, which was imposed on the basis of the clerical error in the record, was ten years longer than it should have been. *Id.* The 4th Circuit remanded the case to correct the error in the federal court record and to resentence him. *Id.* First of all, the Court notes that this case, cited by Movant, is from the Fourth Circuit, and therefore not binding. Secondly, *Powell* is distinguishable, as here, Movant does not allege a *clerical* error which resulted in a longer sentence for Movant, prejudicing him. Movant contends that the Court failed to inquire at the sentencing hearing whether he affirmed or denied previous convictions. However, he fails to establish how his written sentence is itself erroneous or prejudicial due to the omission of this procedure. Movant seeks a hearing on the merits of his sentence, which is beyond the scope of the correction of clerical errors contemplated by Fed. R. Crim. P. 36. As the Court finds that Movant's arguments are without merit, and not in compliance with Rule 60(b), Movant's Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Reconsider [ECF No.23] is **DENIED**.

Dated this __4th__ day of April, 2013.

                                                    E. RICHARD WEBBER
                                                  SENIOR UNITED STATES DISTRICT JUDGE